IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANA LAURA CHAVES DE FARIA MOREIRA**<br>26900 WINCHESTER CREEK AVE, APT 5204<br>MURRIETA, CA 92584<br><br>         Plaintiff,<br><br>V.<br><br>**ALEJANDRO MAYORKAS,** SECRETARY, DEPT. OF HOMELAND SECURITY<br>OFFICE OF THE GENERAL COUNSEL<br>245 MURRAY LANE, SW – MAIL STOP 0485<br>WASHINGTON, DC 20528-0485<br><br>**UR MENDOZA JADDOU**, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES<br>5900 CAPITAL GATEWAY DRIVE<br>MAIL STOP 2120<br>CAMP SPRINGS, MD 20588-0009<br><br>**CONNIE NOLAN**, ASSOCIATE DIRECTOR, SERVICE CENTER OPERATIONS DIRECTORATE<br>5900 CAPITAL GATEWAY DRIVE<br>MAIL STOP 2120<br>CAMP SPRINGS, MD 20588-0009<br><br>         Defendants | **PETITION FOR COMPLAINT UNDER**<br><br>**ADMINISTRATIVE PROCEDURE ACT,**<br><br>**AND COMPLAINT FOR WRIT OF**<br><br>**MANDAMUS** |

PETITION FOR COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT, AND COMPLAINT FOR WRIT OF MANDAMUS - 1


Comes now, Plaintiff, Ms. Ana Laura Chaves De Faria Moreira ("Ms. Chaves De Faria Moreira") by and through undersigned counsel and file this civil action to compel Defendant, United States Citizenship and Immigration Services ("USCIS), to comply with its statutory duty to adjudicate her pending I-360 Petition for Amerasian, Widow(er), or Special Immigrant (VAWA) and states the following in support of this action:

## PARTIES

1. Plaintiff, Ms. Ana Laura Chaves De Faria Moreira, is a Brazilian national living in Baton Rouge, LA. Ms. Chaves De Faria Moreira applied for an I-360 VAWA on February 09, 2024.

2. Defendant, Alejandro Mayorkas, is the duly appointed Secretary of the U.S. Dept. of Homeland Security. In the official capacity as the Secretary, he oversees the United States Department of Homeland Security (DHS), which includes the sub-agency United States Citizenship and Immigration Services (USCIS), and with implementing the Immigration and Nationality Act (INA) regulations. He is further authorized to delegate certain powers and authority to subordinate employees of USCIS, which is an agency within the DHS.

3. Defendant, Ur M. Jaddou, is duly appointed as the Director of USCIS with the duty to oversee the adjudication of immigration benefits pursuant to the

Immigration and Nationality Act, 8 U.S.C. §1101 et. seq.  The Defendants have a statutory and regulatory obligation to perform background security checks and determine eligibility for adjustment of status to lawful permanent resident, pursuant to INA §§ 103 and 245, 8 U.S.C. §§ 1103 and 1255, and 8 C.F.R. §§ 245.2(a)(5)(i) and 245.6.

4. Defendant, Connie Nolan, is sued in her official capacity as the Associate Director for the USCIS Service Center Operations Directorate. Ms. Nolan's Service Center Operations Directorate provides services for persons seeking immigration benefits and provides decisions to individuals requesting immigration benefits, including the Nebraska Service Center, where the Plaintiff's I-360 petition remains pending.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. § 555(b) & § 706(1), the Administrative Procedures Act; 8 U.S.C. §1329, Immigration & Naturalization Act, and 28 U.S.C. § 1361, which gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States, or any agency therefor to perform a duty owed to the plaintiff.

**6.** 28 U.S.C. § 1391(e), as amended, provides that venue for mandamus and APA civil actions is proper in any judicial district in which a defendant resides, a substantial part of the events or omissions giving rise to the claim occurred, or where the plaintiff resides, if no real property is involved.

**7.** Venue is proper in this District because this is an action against officers and agencies of the U.S. in their official capacities, brought in this district where the plaintiff resides.

**8.** Furthermore, because national policy concerning the adjudication of petitions and applications for immigration benefits – including non-immigrant visa petitions and adjustment of status is devised by the U.S. Dept. of Homeland Security and implemented by USCIS, venue is proper in this district.

**9.** Therefore, under 28 U.S.C. § 1391(e)(2) & (3), venue is proper in the U.S. District Court of Columbia (DC).

## STATUTORY AND REGULATORY BACKGROUND

10. Enacted to provide protection and immigration relief to noncitizen victims of domestic violence, VAWA allows eligible individuals to self-petition for lawful status without the abuser's support. This is codified in the 8 CFR §204.2.

11. Under 8 CFR § 204.2(c), the regulation delineates the procedures and requirements necessary for submitting a VAWA self-petition. This includes

detailed eligibility criteria that petitioners must meet, such as demonstrating a qualifying relationship with an abusive U.S. citizen or lawful permanent resident and providing evidence of having been subjected to battery or extreme cruelty. The regulation also specifies the types of evidence that can be submitted to support the petition, recognizing the unique challenges faced by victims of domestic violence in obtaining traditional forms of documentation.

12. Additionally, 8 CFR § 103.2(b)(18) offers guidance on the processing of immigration benefit requests, emphasizing the importance of timely adjudication. This regulation ensures that petitions, including those filed under VAWA, are processed efficiently and without unnecessary delay, which is crucial for petitioners who may be in vulnerable situations and require prompt resolution of their immigration status. Together, these regulations form a comprehensive legal framework that supports the objectives of VAWA by facilitating access to immigration relief for victims of domestic violence.

13. Specifically, the Form I-360 allows victims to self-petition for immigrant classification without the abuser's knowledge or consent, thereby empowering them to seek safety and independence from their abuser.

## FACTUAL BACKGROUND

14. Plaintiff Ms. Chaves De Faria Moreira filed her I-360 immigrant petition under the special immigrant (VAWA) preference category on February 09, 2024 (USCIS I-360 Petition's Receipt #: LIN2411251682). Despite the passage of a significant amount of time, USCIS has failed to adjudicate the petition, resulting in undue hardship to the Plaintiff.

15. On June 4, 2024, USCIS issued a *prima facie* determination, indicating that the Plaintiff met the initial eligibility requirements for the VAWA self-petition.

16. Despite the *prima facie* determination and the passage of a significant amount of time, USCIS has failed to adjudicate the petition, resulting in undue hardship to the Plaintiff.

17. The plaintiff intends to marry again but VAWA regulations will make the I-360 be denied if the beneficiary remarries before its adjudication and approval.

18. The delay in adjudication is unreasonable and violates the Administrative Procedure Act (APA), 5 U.S.C. § 555(b), which requires agencies to conclude matters presented to them within a reasonable time.

19. Plaintiff's I-360 petition remains pending, and no further updates or communications have been provided.

20. Ms. Chaves De Faria Moreira is waiting for USCIS to adjudicate the petition, to continue final adjudication of the immigrant visa petition. But for the

delay of Defendants, Ms. Chaves De Faria Moreira's immigrant visa petition would have been adjudicated already.

## CLAIMS FOR RELIEF

### I. ADMINISTRATIVE PROCEDURE ACT

21. Plaintiff makes the allegations in the paragraphs above as though fully set forth here.

22. The Administrative Procedure Act (APA), 5 U.S.C. § 555(b) and 706(1), provides the Court with authority to compel agency action unreasonably delayed.

23. The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency); *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act within a reasonable time"). 5 U.S.C. § 555(b) and authorizes a reviewing court to compel agency action … unreasonably delayed, " 5 U.S.C. § 706(1).").

24. INA § 242 and 8 U.S.C. § 1252, does not deprive this Court of jurisdiction.

25. Specifically, INA § 242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate the Plaintiffs' unreasonably delayed I-360 petition, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361. See *Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) ("[There is … significant district court authority holding that [8 U.S.C.] § 1252(a)(2)(B)(ii) does not bar judicial review of the pace of application processing or the failure to take action.").

26. Furthermore, INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because adjudication of a properly filed I-360 petition is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of

PETITION FOR COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT, AND COMPLAINT FOR WRIT OF MANDAMUS - 8

Homeland Security, the Court retains original mandamus jurisdiction over this claim. See *Liu*, 509 F. Supp. 2d at 9 (holding that "the Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); see also *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("The Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[The Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application.").

27.    In assessing claims that agency action is considered unreasonably delayed under Section 706(1) of the APA (as well as in mandamus claims, *see infra*, § I.B.1.d.), courts consider the six guiding principles articulated in *Telecommunications Research & Action Center v. FCC* (*TRAC*), 750 F.2d 70, 80 (D.C. Cir. 1984), to determine if the agency's delay is unreasonable:

> *"(1) the time agencies take to make decisions must be governed by a "rule of reason";*

*(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;*

*(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;*

*(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;*

*(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and*

*(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."*

28. The six-factor *TRAC* principles have been adopted widely and some district courts have considered the six-factor standard to be binding authority, *see Sawan v. Chertoff*, 589 F. Supp. 2d 817, 825 (S.D. Tex. 2008); *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 598 (W.D. Tex. 2019). Each of the TRAC factors are further discussed below.

### A. First and Second TRAC Factors

29. When evaluating the first and second TRAC factors, courts consider "whether the statutory scheme provided by Congress supplies the content for the

necessary "rule of reason" that must govern the time it takes an agency to make a decision". (TRAC, 750 F.2d at 80).

30. Several courts have found delays in adjudicating immigration applications to be unreasonable when the delays are lengthy.

31. Although there is no statutory deadline for the processing of I-306 petitions, Congress clearly did not intend USCIS to keep applicants waiting for that long period of time: "*It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application*[1]".

32. Furthermore, USCIS publishes case processing times on its website for selected forms and locations to let the public know how long generally it takes to process benefit requests and when they can submit a service request for the case that is considered "outside of normal processing time."

33. USCIS claims it updates case processing times on the website "monthly with the latest available data[2]."

---

[1] *TRAC*, 750 F.2d at 80; *Cf.* 8 U.S.C. § 1571(b)
[2] https://egov.uscis.gov/processing-times/more-info

PETITION FOR COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT, AND COMPLAINT FOR WRIT OF MANDAMUS - 11

34. As of March of 2022, USCIS established a new internal cycle time goals to reduce the agency's pending caseload. Specifically, the time goal for a I-360 application is about six (6) months[3].

35. However, this is not true because for a long time now, USCIS' online timelines have not been updated to reflect real-time adjudications at each USCIS Service Center.

36. USCIS currently listed the estimated I-360 processing times for all Service Center as follows:

   i.   41 months

37. What is worse, is that USCIS no longer provides petitioners with an opportunity to contact USCIS for any update unless the case falls outside of the published processing times.

38. Because Plaintiff's I-360 petition's receipt date is February 09, 2024, and filed with the Nebraska Service Center, she attempted to make an inquiry, but no responses were received until this date!

39. Thus, Plaintiff must continue to wait for an uncertain period without any updates or actions taken by USCIS.

---

[3] https://egov.uscis.gov/processing-times/reducing-processing-backlogs

40. Congress' intention to keep the I-360 petitions for short duration periods and USCIS' failure to upkeep its processing times online, is proof of the agency's unreasonable delay.

### B. Third and Fifth TRAC Factors

42. Regarding the third and fifth TRAC factors, Courts have found that "*delays in the immigration context jeopardize human welfare and significantly prejudice noncitizens.*" (*See Asmai v. Johnson*, 182 F. Supp. 3d 1086, 1096 (E.D. Cal. 2016) (concluding that an asylee's welfare was "damaged by this unreasonable delay and the insecurity of his immigration status"); *Hosseini v. Napolitano*, 12 F. Supp. 3d 1027, 1035 (E.D. Ky. 2014) (crediting the plaintiff's allegation that a delayed adjudication creates "impediments to travel and adverse impacts to [the noncitizen's] employment"); *Geneme v. Holder*, 935 F. Supp. 2d 184, 194 (D.D.C. 2013) (same); *Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1145 (D. Ariz. 2008) (same).

43. In addition, this delay exacerbates her vulnerability, leaving her in a precarious situation where she cannot fully escape the shadow of her past abusive relationship. Furthermore, this layer of uncertainty, prolongs her inability to secure a stable and independent future as she is ready to marry again but her fiancée and her have to wait several months before the I-360 is finally approved.

The emotional and psychological toll of living in limbo, coupled with the potential risk of removal proceedings, severely hampers her ability to rebuild her life and achieve the safety and security she seeks through the VAWA process.

44. There is no rational reason or explanation given by the Defendants as to why there has been such an ongoing delay in preventing USCIS from adjudicating the Plaintiff's I-360 petition.

### C. Fourth TRAC Factor

45. The fourth TRAC Factor, "*considers the effect of expediting delayed action on agency activities of a higher or competing priority*."

46. Majority of the time, USCIS argues that relief in a particular case is not justified because it would allow the person to jump the queue.

47. However, some courts have found that there is insufficient evidence in the record as to the existence of a queue, or USCIS' procedures for determining order of adjudications. *See, e.g. Doe v. Risch*, 398 F. Supp. 3d 467, 658 (N.D. Cal 2019) (noting that defendants did not establish the number of pending derivative asylum applications or the existence of a queue); *Solis v. Cissna*, No: 9:18-00083-MBS, 2019 U.S. Dist. LEXIS 229051, at *51-52 (D.S.C. July 11, 2019)(rejecting USCIS' argument that plaintiff's U visa petition should not be prioritized where there was

no evidence that the agency adjudicated petitions "in the order in which they are received.").

48.  In addition, some courts "conclude that a lack of resources is a political problem which should not adversely impact the plaintiff." *See, e.g. Zhou v. FBI*, No. 07-cv-238-PB, 2008 U.S. Dist. LEXIS 46186 at *22 (D.N.H. June 12, 2008) (explaining that it is not the aggrieved applicants who have created the lack of resource problem, and it would not be appropriate for the courts to shift the burdens of this … onto the shoulders of individual immigrants); *Tang v. Chertoff*, 493 F. Supp. 2d 148, 158 (D. Mass. 2007)(same); *see also Aslam v. Mukasey*, 531 F. Supp. 2d 736, 745 (E.D. Va. 2008)(concluding that "the prospect that other applicants deprived of timely adjudications may follow successful petitioner and seek judicial recourse is no justification for withholding relief that is legally warranted").

49.  As discussed above, there is no proof that USCIS does in fact process I-360 petitions in the order that they are received and there is no queue involved especially considering the fact that USCIS has many adjudicating officers working in very different processing times.

50.  Therefore, there is no effect of expediting delayed action on agency activities of higher or competing priority.

## D. Sixth TRAC Factor

51. The sixth TRAC factor questions whether an agency's impropriety contributed to the delay or not.

52. It helps the plaintiffs if proof of bad faith is present, but its absence does not impair an otherwise strong claim. *TRAC*, 750 F2d at 80.

53. Although Defendants' delay is not done in bad faith, it does not take away the fact that up to the present date, they have not taken any action on this issue that affects not just the plaintiff, but millions of immigrants nationwide that are still waiting on the adjudication of their petitions.

54. As already mentioned, USCIS has not complied with their stated processing time periods to adjudicate the I-360 petition and now they have even extended the wait time beyond the six months determined by USCIS.

55. Therefore, Defendants' inaction is evidence of the agency's impropriety, which in turn has contributed to the agency's unreasonable delay.

56. Thus, considering all the TRAC factors, Plaintiff has established a substantial likelihood of success on the merits of their claim of unreasonable delay.

II.  **MANDAMUS CAUSE OF ACTION**

57. The Plaintiff incorporate the allegations in the paragraph above as though fully set forth here.

58. The Mandamus Act, 28 U.S.C. § 1361, provides the Court with the authority to compel an officer or employee of any agency of the United States to perform a duty owed to a Plaintiff.

59. A mandamus action requires that the plaintiff show that he or she has a clear right to the relief requested, that the defendant(s) has a clear duty to perform the act in question, and no other adequate remedy is available [*Am. Hospital Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016)].

60. Plaintiff has a clear right to have her petition adjudicated "within a reasonable time" and "with due regard" for their convenience and necessity. 5 U.S.C. § 555(b).

61. The court in *Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002) held that non-citizen plaintiffs have a right to have their USCIS cases adjudicated.

62. Defendants have a clear legal duty to complete proceedings within a reasonable time under 5 USC § 558(c), to adjudicate the applications. ["The agency, with due regard for the rights and privileges of all the interested parties and adversely affected persons and within a reasonable time, shall set and complete

proceedings required to be conducted in accordance with sections 556 and 557 of this title or other proceedings required by law…" 5 U.S.C. § 558(c).]

63. Plaintiff has no other adequate remedy available to redress Defendants' unreasonable delay in adjudicating the I-360 petition because without that application being approved, she will not be able to rebuild her life and achieve the safety and security she seeks through the VAWA process.

64. Furthermore, Plaintiff has already tried to contact USCIS by phone or via online inquiries.

65. However, Defendants have repeatedly not responded to the Plaintiff's requests, nor allowed Plaintiff to make inquiries online until after July 9th, 2027.

66. The Defendants have sufficient information and supporting documentation to adjudicate the I-360 petition.

67. As already mentioned, USCIS has not issued a Request for Evidence (RFE) or any other notice requesting further information or updates.

68. Therefore, Defendants' inaction and failure to adjudicate Plaintiff's I-360 Plaintiff has caused and will imminently cause substantial and concrete harm to Plaintiff.

69. It has deprived Plaintiff of rebuilding her life and achieve the safety and security she seeks through the VAWA process.

PETITION FOR COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT, AND COMPLAINT FOR WRIT OF MANDAMUS - 18

70. Furthermore, it has caused Plaintiff unreasonable and unfair amounts of stress, and anxiety, waiting for an update or action by USCIS.

71. Finally, due to Defendants' delay, Plaintiff will not be able marry her fiancée until the I-360 petition is adjudicated.

82. Defendants' delay is without justification and has forced Plaintiff to resort to this Court for immediate relief.

83. Plaintiff has proven they have a clear right to the relief requested, that Defendants have a clear duty to perform the act in question, and no other adequate remedy is available.

## **REQUEST FOR RELIEF**

WHEREFORE, plaintiffs respectfully request that this Court:

(1). Assume jurisdiction and proper venue over this action.

(2). Compel Defendants to adjudicate Plaintiff's I-360 petition without further delay.

(3). Award Plaintiff reasonable costs and attorney's fees under the Equal Access to Justice Act, 22 U.S.C. § 2412; and

(4). Award such further relief as the Court deems just, necessary, or proper.

Date: January 9, 2025

Respectfully submitted,

/s/ Daniel Joseph Jones
Daniel Joseph Jones
DC Bar No. 1035028
Law Office of D. J. Jones PLLC
2101 L St NW, Suite 300
Washington, DC 20037
(202) 750-4637
joe@djjon.es

Marcelo Gondim
CA Bar No. 271302
Gondim Law Corp.
2121 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
Phone: (323) 282-7770
Email: Court@gondim-law.com

Counsel for Plaintiff