**DECLARATION OF LISA SAYED**

I, Lisa Sayed, do hereby declare and state as follows:

1. I am a Section Chief for the Humanitarian, Adjustment, Removing Conditions, and Travel Documents Portfolio (HART) in the Service Center Operations Directorate ("SCOPS") of U.S. Citizenship and Immigration Services ("USCIS"), which is within the U.S. Department of Homeland Security ("DHS"). I have been employed by USCIS since February 2009. In my current position, I oversee the staff, operational policy, and guidance of the USCIS HART VAWA (Violence Against Women Act) Form I-360 adjudication program.

2. I understand that USCIS Acting Director Angela Alfonso-Royals, in her official capacity, are defendants in *Moreira v. Alejandro Mayorkas, et al.*, 2:25-cv-03071, in the United States District Court for the Central District of California, which alleges delay in adjudication of Plaintiff's Form I-360, Petition for Amerasian Widow(er), or Special Immigration ("Form I-360"), Form I-485, Application to Register Permanent Residence or Adjust Status ("Form I-485"), and Form I-765, Application for Employment Authorization ("Form I-765").

3. I submit this declaration to provide the court with information regarding the status of Plaintiff's Violence Against Women Act (VAWA) self-petition and related applications, as well as information about the processing times for VAWA self-petitions.

4. The matters contained in this declaration are based upon my personal knowledge and on information provided to me by other USCIS employees in the course of my official duties as Section Chief for the Humanitarian, Adjustment, Removing Conditions, and Travel Documents Portfolio (HART).

5. USCIS SCOPS provides services for individuals seeking immigration benefits while ensuring the integrity of our immigration system. VAWA petitions are adjudicated by the HART Service Center within SCOPS.

## VAWA IMMIGRATION BENEFITS

6. The Immigration and Nationality Act (INA) provides for family-based immigration for certain relatives of U.S. citizens and lawful permanent residents (LPRs). The process generally involves the U.S. citizen or LPR filing a Form I-130, Petition for Alien Relative, asking USCIS to classify their relative as an immigrant under a specific category. *See* 8 U.S.C. §§ 1154(a)(1)(A)(i), 1154(a)(1)(B)(i)(I). If approved, the relative can apply to adjust status to LPR if he or she is in the United States by filing Form I-485, Application to Register Permanent Residence or Adjust Status. *See* 8 U.S.C. § 1255. If outside the United States, he or she can apply for a visa from a consulate overseas to use for entry into the United States as an LPR. *See* 8 U.S.C. § 1201.

7. Recognizing that this process—in which the U.S. citizen or LPR controls the ability of the qualifying family member to gain lawful immigration status—creates the risk of effectively trapping non-citizens in abusive relationships, Congress passed the Violence Against Women Act of 1994 (VAWA), Title IV of the Victim Crime Control and Law Enforcement Act, Pub L. 103-322, 108 Stat. 1902 (September 13, 1994), as amended. In the context of a spousal relationship, that law amended the INA to allow non-citizens in marriages in which they have been subjected to battery or extreme cruelty to file a petition on their own behalf (Form I-360, or VAWA self-petition). By filing a VAWA self-petition, the non-citizen requests a special immigrant classification as the spouse of an abusive U.S. citizen. *See* 8 U.S.C. §§ 1154(a)(1)(A)(iii), 1154(a)(1)(B)(ii). There are also VAWA provisions permitting self-petitions to be filed by children of abusive U.S. citizen or LPR parents, and parents of abusive U.S. citizen sons or daughters. *See generally,* USCIS, Abused Spouses, Parents, and Children, *at* https://www.uscis.gov/humanitarian/abused-spouses-children-and-parents (last accessed June 17, 2025).

8. To be eligible for immigrant classification as a VAWA self-petitioning spouse, the non-citizen must generally establish that he or she is eligible for immigrant classification as an immediate relative; entered into the qualifying marriage in good

faith; was subjected during the marriage to battery or extreme cruelty by the U.S. citizen or LPR spouse; resided with the U.S. citizen or LPR spouse; and is a person of good moral character. *See* 8 U.S.C. §§ 1154(a)(1)(A)(iii)(I)-(II), 1154(a)(1)(B)(ii)(I)-(II).

9. If Form I-360 is approved, VAWA self-petitioners in the United States may seek to adjust status to become an LPR through the filing of a Form I-485, and VAWA self-petitioners outside the United States can apply for an immigrant visa from a consulate overseas. VAWA self-petitioners in the United States can submit a Form I-485 at the same time they file Form I-360 if they are filing as an immediate relative of a U.S. citizen or if there is visa availability for their family-based preference category. *See generally* USCIS, Green Card for VAWA Self-Petitioner, *available at* https://www.uscis.gov/green-card/green-card-eligibility/green-card-for-vawa-self-petitioner (last accessed June 17, 2025) (Select "How to Apply" from drop-down menu).

10. If at the time a VAWA self-petitioner files Form I-360, he or she had already filed a Form I-485 based upon a Form I-130 filed by his or her spouse, he or she may request that USCIS convert the Form I-485 to instead be based upon Form I-360. *See id.*

11. VAWA self-petitioners who have a pending Form I-485 can also file a Form I-765, Application for Employment Authorization, and a Form I-131, Application for Travel Document. See id. (Select "Employment Authorization and Advance Parole Documents" from drop-down menu). If approved, VAWA self-petitioners can work and travel while their Forms I-360 and I-485 are pending.

12. In addition to petitioning for the VAWA classification, USCIS Form I-360 is used to petition for at least thirteen other different classifications.  See generally USCIS, I-360, Petition for Amerasian, Widow(er), or Special Immigrant, available at https://www.uscis.gov/i-360 (last accessed June 17, 2025).

13. Form I-485 cannot be adjudicated on its merits until the I-360 is adjudicated. See 8 U.S.C. § 1255(a) (requiring the applicant to be "eligible to receive an immigrant visa" and that "an immigrant visa is immediately available"); 8 C.F.R. §

3

245.2(a)(2)(B) (explaining that an I-485 can be filed concurrently with several types of immigrant visa petitions).

## VAWA SELF-PETITION STAFFING & TRAINING

14. SCOPS adjudicates applications and petitions that generally do not require in-person interviews, including, but not limited to, business-related nonimmigrant and immigrant petitions, family petitions, student and exchange visitor petitions, employment authorization applications, and petitions for various humanitarian benefits such as petitions filed pursuant to the Violence Against Women Act, Temporary Protected Status, and T and U nonimmigrant visas.

15. Originally, VAWA self-petitions were adjudicated solely at the Vermont Service Center (VSC).

16. In January 2023, SCOPS inaugurated the Humanitarian, Adjustment, Removing Conditions and Travel Documents (HART) Service Center.  HART took over adjudication of VAWA self-petitions from the VSC.

17. The HART Service Center is now the sole USCIS office designated to adjudicate VAWA self-petitions. Other family, humanitarian, and employment-based immigration petitions and applications, such as applications for adjustment of status to lawful permanent resident, employment authorization, and asylum, are adjudicated at a variety of USCIS offices, including service centers, field offices, and asylum offices.

18. The HART Service Center was created to enhance SCOPS's organizational capability for the efficient processing of humanitarian caseloads and focuses on humanitarian workloads.

19. The training for Immigration Service Officers ("ISOs") adjudicating VAWA self-petitions is significant, given the sensitive subject matter and complexity of legal issues present in this workload. ISOs assigned to the VAWA portfolio receive an initial week-long training, which includes presentations on VAWA's legal requirements, legal writing techniques, and processing information specific to VAWA self-petitions.

4

There is a separate day-long training on denial writing, and separate training on the adjudication of the employment authorization applications associated with VAWA self-petitions.

20. In addition, due to the sensitive subject matter, VAWA ISOs also receive specialized Victim Awareness Training and presentations on the special confidentiality provisions applicable to VAWA self-petitions, at 8 U.S.C. § 1367.

21. Following the initial training, VAWA ISOs work closely with an assigned peer coach, who reviews all of the cases adjudicated by the ISO until the ISO is certified to adjudicate VAWA self-petitions. An ISO is deemed certified when they demonstrate the ability to independently evaluate evidence and apply the correct legal standards and current guidance to make timely and accurate adjudicative decisions. The training process generally takes four to six months.

## **VAWA SELF-PETITION PROCESSING**

22. The current estimated processing time for VAWA self-petitions is 42.5 months. See USCIS, Check Case Processing Times ("VAWA Case Processing Times"), available at https://egov.uscis.gov/processing-times/ (Select "Form I-360," "Violence Against Women Act (VAWA)," and "All Service Centers" from drop-down menus). The public processing times for VAWA self-petitions are calculated based on the amount of time it takes USCIS to complete 80% of adjudicated cases over the last six months. Processing time is defined as the number of days (or months) that have elapsed between the date USCIS received an application, petition, or request and the date USCIS completed the application, petition, or request (that is, approved or denied it) in a given six-month period.  See USCIS, Case Processing Times, at https://egov.uscis.gov/processing- times/more-info (last accessed June 17, 2025); see also USCIS, VAWA Case Processing Times ("This processing time is an estimate of how long it will take us to process your case based on the number of pending cases we have. Each case is unique, and some cases may take longer than others. Processing times

should be used as a reference point, not an absolute measure of how long your case will take to be completed."). Internally, USCIS uses the cycle time methodology to gauge progress toward reducing its backlog of cases. *Id*.

23. Like most immigration benefit requests filed with USCIS, VAWA self-petitions are generally assigned for adjudication based on filing date, a process known as First In First Out ("FIFO"). Under the FIFO methodology, VAWA self-petitions filed earlier in time are adjudicated before self-petitions with a later filing date. See USCIS Case Processing Times, supra ("We generally process cases in the order we receive them…").

24. After receipting a Form I-360 self-petition, USCIS first determines whether the evidence submitted establishes a prima facie ("at first look") case. *See* 8 CFR 204.2(e)(6). I-360 self-petitioners may be considered "qualified aliens" eligible for certain public benefits if they can establish a prima facie case for immigrant classification or have an approved self-petition. *See* the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. 104-193 (PDF), 110 Stat. 2105 (August 22, 1996) and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208 (PDF), 110 Stat. 3009 (September 30, 1996), which restricted eligibility for public assistance to "qualified aliens." To establish a prima facie case, the self-petitioner must submit a completed Form I-360 and evidence to support each of the eligibility requirements for the self-petition. *See* 8 CFR 204.2(c)(6)(ii). *See* 8 CFR 204.2(e)(6)(ii). The self-petitioner must merely address each of the eligibility requirements but need not prove eligibility in order to establish a prima facie case. *See* 8 CFR 204.2(c)(6)(ii). *See* 8 CFR 204.2(e)(6)(ii). If USCIS determines that a self-petitioner has demonstrated prima facie eligibility, USCIS issues a Notice of Prima Facie Case (NPFC) to the self-petitioner. *See* 8 CFR 204.2(c)(6)(iii). *See* 8 CFR 204.2(e)(6)(iii). If USCIS determines that the self-petitioner did not establish a prima facie case upon initial review, officers may, in their discretion, issue a Request For Evidence (RFE) seeking

additional evidence. If additional evidence is submitted and the self-petitioner establishes a prima facie case upon second review, USCIS issues an NPFC. Regardless of whether a self-petitioner establishes a prima facie case and receives an NPFC or not, USCIS may discover additional deficiencies while adjudicating the self-petition for full eligibility.  For such cases, USCIS may issue an RFE and will consider RFE responses solely to adjudicate the self-petition.  *See* 8 CFR 103.2(b)(8). Therefore, a prima facie determination does not mean a self-petitioner has established all eligibility requirements, and a self-petitioner who receives a prima facie determination can ultimately be denied if all I-360 eligibility requirements are not established.  *See generally* USCIS Policy Manual, Vol. 3, Part D, Ch. 5, Adjudication, *available at* https://www.uscis.gov/policy-manual/volume-3-part-d-chapter-5 (last accessed June 17, 2025).

      25.    There are certain limited circumstances under which USCIS may expedite the adjudication of a VAWA self-petition, like other immigration benefit requests, including but not limited to where the self-petitioner has made a request for expedited adjudication based upon urgent humanitarian needs or where another U.S. government agency, such as Immigration and Customs Enforcement, has made such a request.  *See* USCIS Policy Manual, Vol. 1, Part A, Ch. 5, Requests to Expedite Applications or Petitions, *available at* https://www.uscis.gov/policy-manual/volume-1-part-a-chapter-5 (last accessed June 17, 2025); *see also* USCIS, How to Make an Expedite Request, *available at* https://www.uscis.gov/forms/filing-guidance/how-to-make-an-expedite-request (last accessed June 17, 2025).

      26.    To determine whether a VAWA self-petitioner is eligible for VAWA classification, USCIS conducts several security and background checks.  In the interest of homeland security, public safety, and system integrity, USCIS must complete security and background checks before it adjudicates any application or petition for which checks are required.

27. When adjudicating VAWA self-petitions, ISOs consider the background and security checks and review all of the evidence submitted in support of the self-petition to determine whether the self-petitioner has established eligibility for VAWA classification. ISOs also review and consider information from the self-petitioner's comprehensive immigration record, when appropriate.

28. If additional evidence is needed to establish eligibility, the ISO may issue a written request for evidence or notice of intent to deny the Form I-360, providing the self- petitioner the opportunity to submit additional evidence and/or make additional legal arguments. Requests for evidence generally provide 87 days to respond, while notices of intent to deny generally provide 33 days to respond.

29. Adjudication of the VAWA self-petition continues once the response has been received, or after the response period has elapsed without receiving a response. The ISO then considers all the evidence of record to determine whether all eligibility requirements have been met and decides whether to approve or deny the self-petition. For denials, the ISO drafts a detailed written decision containing the reasons for denial, which is reviewed by a supervisor before issuance.

30. At the end of Fiscal Year 2024, there were approximately 160,229 VAWA self-petitions pending with HART. *See* USCIS, Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant With a Classification of VAWA Self-Petitioner by Fiscal Year, Quarter, and Case Status, Fiscal Years 2010-2024 ("Form I-360 Chart"), *available at* https://www.uscis.gov/sites/default/files/document/data/i360_vawa_performancedata_fy2024_q4.xlsx  (last accessed June 17, 2025).

31. VAWA self-petition filings have increased substantially in the last several years. In FY 2016, USCIS received 9,394 VAWA self-petitions. *See id*. Filings increased steadily from FY 2016 to FY 2023, when USCIS received 50,907 VAWA self-petitions, representing an unprecedented and significant increase from prior years. *See id*. USCIS projections did not anticipate this significant increase in VAWA self-

8

petition filings. VAWA self-petition filings increased to 32,413 in FY22, 50,907 in FY23, and 70,172 in FY24. *See id.* The total number of pending VAWA self-petitions with HART by the end of FY24 was 160,229. *See id.*

32. As the receipt numbers have increased over the past several years, including recent years' dramatic increases, the average processing times for VAWA self-petitions have also increased.

33. HART has a limited number of adjudicative resources that can be allocated to VAWA self-petitions. Presently, as they work through the high volume of filings, it is taking the ISOs assigned to the VAWA portfolio approximately 42.5 months from receipt date to complete the adjudication of VAWA self-petitions. If HART were to divert more of its resources to adjudicating VAWA self-petitions, those resources would have to come from another HART workload, leading to adverse impacts on the processing times for any such workload.

34. HART recognizes that the increase in processing times impacts VAWA self- petitioners and has engaged in efforts to streamline the adjudication process while maintaining the integrity of the adjudication. ISOs are trained to carefully consider whether the evidence contained in the record and available through systems checks is sufficient for approval before issuing a request for evidence or notice of intent to deny. The VAWA team has also developed (and continues to develop) standard language for ISO use in drafting requests for evidence, notices of intents to deny, and denials, in order to increase the efficiency of the drafting process.

## **PLAINTIFF'S IMMIGRATION BENEFIT REQUESTS**

35. The following information about Plaintiff's immigration benefit request is based upon information obtained from DHS systems and review of the Plaintiff's alien file (A file).

36. On February 9, 2024, Plaintiff Ana Laura Chaves De Farias Moreira filed Form I-360, seeking VAWA classification as the spouse of an abusive U.S. citizen. Plaintiff filed Form I-765, Application for Employment Authorization on

1  February 9, 2024. Plaintiff filed Form I-131, Application for Travel Document /
2  Advance Parole on February 9, 2024.
3      37.   Plaintiff's Form I-360 remains pending based on their filing dates. USCIS
4  issued an initial Notice of Prima Facie Case on Plaintiff's I-360 on June 4, 2024, and
5  issued a prima facie extension notice on May 28, 2025. USCIS approved Plaintiff's I-
6  765 employment authorization document with a C09 classification based on her
7  pending adjustment of status application. USCIS approved Plaintiff's employment
8  authorization on September 20, 2024, and the employment authorization is valid
9  through September 19, 2029. USCIS approved Plaintiff's Form I-131 for advanced
10 parole on September 20, 2024. Having adjudicated Plaintiff's Form I-765 employment
11 authorization, USCIS has adjudicated the interim benefits Plaintiff has requested as she
12 awaits her Form I-360.
13     38.   With respect to Plaintiff's VAWA self-petition, which remains pending, it
14 was filed approximately 16 months ago as of the date of this declaration, and therefore
15 is still well under the current estimated processing time of 42.5 months.
16     39.   If USCIS were to divert more resources to adjudicating VAWA self-
17 petitions, then another HART workload would suffer, as there is a finite number of
18 ISOs available to adjudicate all of the immigration benefits requests assigned to
19 HART.
20     40.   As explained above, USCIS generally processes VAWA self-petitions in
21 FIFO order, subject to certain limited exceptions.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 17th day of June 2025, at Camp Springs, MD.

**LISA A SAYED**
Digitally signed by LISA A SAYED
Date: 2025.06.17 13:56:15 -04'00'

Lisa Sayed
Section Chief
HART Service Center, SCOPS
U.S. Citizenship and Immigration Services

10