Marcelo Gondim, SBN 271302
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Counsel for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANA LAURA CHAVES DE FARIA MOREIRA** | |
| *Plaintiffs*, | **CASE NO. 2:25-CV-3071-JFW-PD** |
| vs. | **PLAINTIFFS' OPPOSITION TO** |
| **KRISTI NOEM, ET AL.** | **DEFENDANT'S MOTION TO** |
| *Defendants.* | **DISMISS COMPLAINT** |

# TABLE OF CONTENTS

**INTRODUCTION** ................................................................................ **5**

**STANDARD OF REVIEW** ................................................................. **5**

**ARGUMENTS** .................................................................................... **6**

    **I.**    **The Court Has Subject Matter Jurisdiction** ......................... 7

    **II.**    **The TRAC factors support the Plaintiff's claim of unreasonable delay.** ................................................................ 11

        a.  **First and Second TRAC Factors** ....................................... 15

        b.  **Third and Fifth TRAC Factors** ......................................... 18

        c.  **Fourth TRAC Factor** .......................................................... 21

        d.  **Sixth TRAC Factor** ............................................................ 24

**CONCLUSION** ................................................................................ **25**

**CERTIFICATE OF SERVICE** ...................................................... **26**

# <u>TABLE OF AUTHORITIES</u>

## Cases

.” *Autor v. Pritzker*, 740 F.3d 176, 179 (D.C. Cir. 2014) ........................................ 6

also *Ruiz v. Mukasey*, 552 F.3d 269, 273 (2d Cir. 2009)...................................... 15

*Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989) ................................................. 11

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .......................................................... 6

*Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) .............................. 8

*Aversa v. United States*, 99 F.3d 1200, 1209 (1 Cir., 1996) ................................... 5

*Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015)......... 6

*Barrios Garcia v. DHS*, 25 F.4th 430, 451 (6th Cir. 2022) ............................ 14, 17

*Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017)...................................... 6

*Brower v. Evans*, 257 F.3d 1058, 1070 (9th Cir. 2001)........................................ 19

*e.g. Doe v. Risch*, 398 F. Supp. 3d 467, 658 (N.D. Cal 2019).............................. 22

*In re A Cmty. Voice*, 878 F.3d 779 (9th Cir. 2017)............................................... 24

*Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 511 (9th Cir. 1997) ........................ 19

*Kim v. Ashcroft*, 340 F. Supp. 2d 384, 389 (S.D.N.Y. 2004) ............................... 15

*Liu v. Novak*, 509 F. Supp. 2d 1 (D.D.C. 2007) ..................................................... 8

*Lovallo v. Froehlke*, 468 F.2d 340, 343 (2d Cir. 1972)........................................ 11

*Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C.

   Cir. 2003) .............................................................................................. 12, 14, 22

*Murphy v. United States,* 45 F.3d 520, 522 (1 Cir.) ................................................. 5

*Razaq v. Poulos*, No. C 06-2461 WDB, 2007 U.S. Dist. LEXIS 770, at \*10-11 (N.D. Cal. Jan. 8, 2007). ...................................................... 15

*Razaq v. Poulos*, No. C06-2461-WHA, 2007 WL 61884, at \*7 (N.D. Cal. Jan. 8, 2007).................................................................................. 10, 21

See *Jefrey v. INS*, 710 F. Supp. 486, 488 (S.D.N.Y. 1989). ................................... 18

*Singh v. Ilchert*, 784 F. Supp. 759, 764 (N.D. Cal. 1992) ...................................... 18

*Solis v. Cissna*, Nº: 9:18-00083-MBS, 2019 U.S. Dist. LEXIS 229051, at \*51-52 (D.S.C. July 11, 2019)............................................................. 22

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ............................................... 6

*Telecommunications Research & Action Center v. FCC* ("TRAC"), 750 F.2d 70 (D.C. Cir. 1984) ...................................................................... 12

*Thomson v. Gaskill,* 315 U.S. 442, 446 (1942)........................................................ 5

*Yakhontova v. Barr*, 2020 WL 4355299, at \*4 (C.D. Cal. Apr. 14, 2020)...... 17, 19

*Zhou v. FBI*, No. 07-cv-238-PB, 2008 U.S. Dist. LEXIS 46186, at \*22 (D.N.H. June 12, 2008) ................................................................... 10, 23

**Rules**

Rule 12(b)(1).............................................................................................................. 6

Rule 12(b)(6).............................................................................................................. 5

## MEMORANDUM AND POINTS OF AUTHORITY

### INTRODUCTION

Plaintiff through her counsel hereby opposes Defendants' Motion to Dismiss the Complaint, (Dkt. 23). Defendants argue that Plaintiff lacks standing and fails to state a claim for unreasonable delay under the Administrative Procedure Act ("APA") and for mandamus relief. However, Plaintiff has sufficiently alleged both standing and a plausible claim for relief. Therefore, Defendants' motion should be denied.

### STANDARD OF REVIEW

To withstand a challenge under Rule 12(b)(1) "Once a defendant challenges the jurisdictional basis for a claim under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Thomson v. Gaskill,* 315 U.S. 442, 446 (1942); *Aversa v. United States*, 99 F.3d 1200, 1209 (1 Cir., 1996). In ruling on a motion to dismiss for lack of jurisdiction, "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of plaintiff." *Aversa,* 99 F.3d at 1210; *Murphy v. United States,* 45 F.3d 520, 522 (1 Cir.), cert. denied, 515 U.S. 1144 (1995).

To withstand a challenge under Rule 12(b)(6), "a complaint must set forth 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Bowman v. Iddon*, 848 F.3d 1034,

1039 (D.C. Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court reviewing a motion to dismiss under Rule 12(b)(6) must "accept[ ] as true all of the factual allegations contained in the complaint and draw[ ] all inferences in favor of the nonmoving party." *Autor v. Pritzker*, 740 F.3d 176, 179 (D.C. Cir. 2014) (quotation marks omitted). Moreover, "[a] complaint survives a motion to dismiss even '[i]f there are two alternative explanations, one advanced by [the] defendant and the other advanced by [the] plaintiff, both of which are plausible.'" *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (first bracket added)). Even if defendant believes that its version will "prove to be the true one . . . that does not relieve defendant[ ] of [its] obligation to respond to a complaint that states a plausible claim for relief, and to participate in discovery." *Id.*

## ARGUMENTS

Plaintiff's complaint states two claims upon which relief may be granted. But Defendants raise two points in support of its contention that plaintiffs' second amended complaint should be dismissed: (1) Plaintiffs lack Article III standing under Rule 12(b)(1), and (2) Plaintiffs' Claims Fail Under the Failure to State a Claim of Unreasonable Delay.

## I.  The Court Has Subject Matter Jurisdiction

The Court possesses subject matter jurisdiction in this case, contrary to the Defendants' assertion that jurisdiction is lacking under the Administrative Procedure Act (APA). The APA explicitly grants courts the authority to compel agency action that has been unreasonably delayed, as outlined in 5 U.S.C. § 706(1). This provision is crucial in ensuring that federal agencies, such as the United States Citizenship and Immigration Services (USCIS), fulfill their obligations in a timely manner.

Plaintiff properly invokes this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1), because she challenges the government's failure to act on a non-discretionary duty: the adjudication of a VAWA-based I-360 petition. Contrary to Defendants' assertion, this case does not concern the substance of USCIS's decision-making, but rather its failure to make any decision at all within a reasonable time. The complaint provides a clear and compelling case that USCIS has failed to adjudicate her I-360 petition within a reasonable timeframe, as mandated by 5 U.S.C. § 555(b). This statute requires agencies to conclude matters presented to them with due regard for the convenience and necessity of the parties involved.

The APA authorizes judicial review of such agency inaction, and multiple courts, including in this Circuit, have held that delays in adjudicating immigration benefits are subject to judicial oversight. As Plaintiff's petition remains pending well beyond the period contemplated by both internal processing goals and statutory guidance, and as USCIS has failed to provide any lawful justification for the delay, Plaintiff's claim is precisely the type of challenge that federal courts are empowered to hear. In *Liu v. Novak*, 509 F. Supp. 2d 1 (D.D.C. 2007), the court held that § 1252(a)(2)(B) does not preclude judicial review of claims challenging USCIS's unreasonable delay in processing immigration petitions. Similarly, in *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008), the court emphasized that "the Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application." These decisions confirm that courts maintain jurisdiction to assess whether the government has failed to act within a reasonable timeframe, particularly when the delay has real and prejudicial consequences for the petitioner. Thus, this Court has subject matter jurisdiction to adjudicate the APA claim.

While there is no specific statutory law mandating USCIS to adjudicate I-360 petitions within a fixed timeframe, the APA requires agencies to conclude matters presented to them "within a reasonable time" as per 5 U.S.C. § 555(b). This

establishes a general expectation for timely action. Congress, in 8 U.S.C. § 1571(b), expressed a clear policy preference that "the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." While this provision is not independently enforceable as a deadline, it strongly supports the conclusion that long delays, particularly where the delay exceeds 180 days, are contrary to legislative intent. Furthermore, in 2022, USCIS announced new internal "cycle time goals"[1] for various immigration benefits, setting a six-month target for I-360 adjudications. While these goals are not binding in the same way as formal regulations, they reflect and demonstrate the agency's own acknowledgment of what constitutes a "reasonable" timeframe for adjudication.

Plaintiff filed her I-360 petition on February 9, 2024, and received a prima facie determination from USCIS on June 4, 2024, acknowledging that she met the basic statutory criteria for VAWA relief. Despite this finding, no final adjudication has occurred, and USCIS has failed to provide any meaningful update, issue a Request for Evidence (RFE), or respond to inquiries. The agency's own published processing times for I-360 petitions indicate a time frame of up to 41 months, but

---

[1] https://egov.uscis.gov/processing-times/reducing-processing-backlogs

courts have repeatedly held that the publication of lengthy "processing times" does not immunize the agency from judicial oversight, particularly when such delays cause significant prejudice to the applicant. See *Zhou v. FBI*, No. 07-cv-238-PB, 2008 U.S. Dist. LEXIS 46186, at *22 (D.N.H. June 12, 2008) (holding that the government cannot shield itself from judicial review by invoking resource constraints or queue arguments when there is no evidence of orderly or rational case processing). Courts in the Ninth Circuit have rejected the notion that generalized administrative burdens, staffing shortages, or "queues" justify a complete failure to act. In *Razaq v. Poulos*, No. C06-2461-WHA, 2007 WL 61884, at *7 (N.D. Cal. Jan. 8, 2007), the court emphasized that while the agency may face workload issues, "it still must meet its obligation to act within a reasonable time." USCIS cannot indefinitely delay adjudication simply because it has other priorities or insufficient resources; the APA mandates reasonable action, and the judiciary is empowered to enforce that requirement.

Alternatively, the Court finds that if subject matter jurisdiction is not available under the APA, the Court would have mandamus jurisdiction. The Mandamus Act states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is to be used only if there is "(1) a clear right

in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989) (quoting *Lovallo v. Froehlke*, 468 F.2d 340, 343 (2d Cir. 1972)). Here, as discussed above, the Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether to decide it at all. Because Defendants owe the Plaintiffs a nondiscretionary duty to adjudicate, and Plaintiffs have sufficiently alleged that the Defendants failed to act within a reasonable time as prescribed by § 555(b), the Court has mandamus jurisdiction. This may only apply if other jurisdiction is not available. Nonetheless, it serves as an alternative ground for subject matter jurisdiction if no other grounds are found.

## II. The TRAC factors support the Plaintiff's claim of unreasonable delay.

In their argument concerning the application of the TRAC factors, Defendants contend that the plaintiffs has not adequately stated a claim for unreasonable delay. They assert that the processing times for the plaintiff's application are reasonable and fall within acceptable limits. According to Defendants, the "Rule of Reason" factor supports their position, as they argue that the agency's processing times are governed by a rational and consistent approach, which aligns with the agency's standard procedures. They emphasize that the

agency processes applications in the order they are received, which they claim constitutes a reasonable and fair method of handling cases.

Furthermore, Defendants argue that expediting the plaintiff's application would disrupt the agency's priorities and create an unfair advantage, as it would require moving the plaintiff ahead of others who have been waiting longer. They cite the case of *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, where the court recognized that the presence of a backlog does not automatically render a delay unreasonable. Defendants also argue that Plaintiffs have not demonstrated any specific harm or prejudice that outweighs the interests of other applicants in the queue. They argue that Plaintiffs' situation does not present any unique or compelling circumstances that would justify prioritizing her application over others.

Plaintiff has plausibly stated a claim for unreasonable agency delay under the six-factor test articulated in *Telecommunications Research & Action Center v. FCC* ("TRAC"), 750 F.2d 70 (D.C. Cir. 1984), which courts, including those in the Ninth Circuit, have widely adopted in APA delay cases. The TRAC factors are designed to assess the reasonableness of an agency's delay by evaluating: (1) whether the time taken follows a "rule of reason"; (2) whether Congress has provided a timetable or expectations for action; (3) whether human health or welfare is at stake; (4) the effect of expediting the delayed action on higher-priority agency activities; (5) the extent to which interests are prejudiced by delay; and (6) whether agency

impropriety is involved. Plaintiff's Complaint sufficiently alleges facts that, when accepted as true, demonstrate that each of these factors either favors Plaintiff or weighs neutrally against dismissal.

It is not unfair for the court to order the immediate adjudication of plaintiff's I-360 VAWA Petition in comparison to other applicants that did not resort to litigation to have their cases adjudicated. What is unfair is that some plaintiffs must sue the agency in federal court to have their applications adjudicated in a reasonable fashion. The alternative would be nobody sues and Defendant USCIS continues to extend the processing times far beyond any reasonableness. The only remedy available for applicants is the writ of mandamus. If the courts start to force the agency to adjudicate those cases more promptly, more applicants will sue, and the agency will eventually have to improve its process. If the courts decline to intervene, the agency will be encouraged to simply take their time and not try to improve the process, increasing even further the processing times and leaving all applicants in limbo.

The current delay is unjustifiable given technological advancements. The Defendants' reliance on published processing times does not render these delays reasonable. As noted in *TRAC v. FCC*, 750 F.2d 70 (D.C. Cir. 1984), courts are explicitly directed to consider "the effect of expediting delayed action on agency activities of a higher or competing priority." *Id*. at 451-52 (quoting TRAC, 750 F.2d

at 80). They consider other factors as well: the timetable, if any, that Congress has set; the "nature and extent of the interests prejudiced by delay"; and the nature of the underlying law ("delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake"). *Id.*

*Barrios Garcia v. DHS*, 25 F.4th 430, 451 (6th Cir. 2022) provides a good recent illustration. There, plaintiffs had applied for "U" visas. Their lawsuits claimed that DHS had unreasonably delayed placing them on the U-visa waitlist and adjudicating their work-authorization applications. DHS claimed that judicial review was barred by 8 U.S.C. § 1252(a)(2)(B)(ii). This Court disagreed, explaining that "the statute is ambiguous enough to sustain the APA's presumption of judicial review."

But that was not the end of the Court's opinion. Proceeding to the next stage of its analysis, it considered the TRAC factors, and thus the district courts' resource-allocation concerns. On that basis, it reversed the district courts' dismissal on the pleadings. *Id.* at 454-55. It noted that plaintiffs' interests were urgent and weighty. And it explained: "DHS may indeed be resource- and personnel-depleted. But . . . [d]iscovery is warranted to better assess 'the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency.'" *Id.* at 454 (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003)). The Court continued: "We sympathize with

the burdens that agencies shoulder," but to reject plaintiffs' claims simply to preserve agency autonomy over resource allocation would "wipe the APA off the books." *Id*. at 454-55. 8

While agencies have discretion in processing applications, this discretion is not unlimited. While it is within the Attorney General's discretion to grant or deny an I-360 VAWA Petition, it is not within his discretion to not adjudicate at all. See *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 389 (S.D.N.Y. 2004), *Ruiz v. Mukasey*, 552 F.3d 269, 273 (2d Cir. 2009) (stating that judicial review under the APA exists "unless review is precluded by statute or the complained-of decision was committed to agency discretion"). Instead, under section 6 of the APA, the U.S.C.I.S. is required to act "within a reasonable time." 5 U.S.C. § 555(b); *Kim*, 340 F. Supp. 2d at 389. Additionally, the "'duty to decide' becomes no duty at all if it is accompanied by unchecked power to decide when to decide." *Razaq v. Poulos*, No. C 06-2461 WDB, 2007 U.S. Dist. LEXIS 770, at *10-11 (N.D. Cal. Jan. 8, 2007).

### a. First and Second TRAC Factors

Under the first and second TRAC factors, the "rule of reason," is important in assessing the reasonableness of the delay. Here, Plaintiff's VAWA-based I-360 petition has remained pending for well over a year despite USCIS's own "cycle time" goals that anticipate adjudication within six months. Congress has also expressed its policy that immigration benefit applications should generally be

processed within 180 days. See 8 U.S.C. § 1571(b). The delay far exceeds both the agency's internal goals and Congress's stated expectations, and no rule of reason has been offered to justify this extended inaction. This prolonged delay alone satisfies the plausibility threshold for unreasonable delay under *Iqbal* and *Twombly*.

Plaintiff's petition has been pending for an inordinate amount of time, far exceeding the normal processing durations typically adhered to by Defendant USCIS. This deviation from established timelines is not only unreasonable but also indicative of a failure to apply a consistent rule of reason in adjudicating the Plaintiff's petition. Now, well over sixteen months since the filing, and more than one year since that favorable initial determination, USCIS has taken no further action. There have been no status updates, no requests for additional evidence, and no explanation as to why her petition remains stalled.

Although not binding, this statute reflects congressional intent that immigration relief, especially for vulnerable populations, should proceed efficiently. USCIS's failure to act undermines both this legislative policy and the agency's own standards. It also suggests that no coherent "rule of reason" governs adjudications in Plaintiff's category, particularly where a prima facie finding was issued over a year ago.

The impact of this delay is not abstract. Plaintiff is currently engaged to be married, but due to VAWA-specific regulations that prohibit approval of the I-360

petition if the petitioner remarries prior to adjudication, she is effectively forced to postpone marriage indefinitely. This has a direct and unjustifiable effect on her ability to move forward with her life. The inability to formalize her relationship not only delays access to stability but also carries severe religious and cultural consequences. Plaintiff and her fiancée adhere to religious principles that prioritize marriage as a moral and spiritual obligation, and their faith discourages prolonged cohabitation without formal marital recognition. Furthermore, Plaintiff is financially dependent on her fiancée, whose continued support is vital to her well-being as she awaits the outcome of her immigration process. The inability to marry and build a household on legally and religiously recognized terms places emotional and psychological stress on both, intensifying the harm caused by USCIS's prolonged silence. Courts have found such personal and welfare-based consequences to weigh heavily in the TRAC analysis. See *Yakhontova v. Barr*, 2020 WL 4355299, at *4 (C.D. Cal. Apr. 14, 2020).

As to the Second TRAC factor, the absence of a specific statutory timetable does not exempt the agency from its obligation to act within a reasonable timeframe. At least some courts have held that, where Congress has not provided a specific timetable for adjudication of an immigration benefit, "the second TRAC factor is not relevant to an 'unreasonably delayed' analysis." *Barrios Garcia v. DHS,* 25 F.4th 430, 451 (6th Cir. 2022*)* (emphasizing that the second TRAC factor states that

"where Congress has provided a timetable . . . then the statutory scheme may supply

content for this rule of reason") (emphases in original). Indeed, "[t]he violation of

a statutory deadline is not required to succeed on a[n] [unreasonable delay] claim."

*Id*. at 454; *see* also 8 U.S.C. § 1571(b) ("It is the sense of Congress that the

processing of an immigration benefit application should be completed not later than

180 days after the initial filing of the application.").

However, considering all circumstances of a case, the agency's delay may be

unreasonable even if it does not extend beyond the agency-specified timeframe. See

*Singh v. Ilchert*, 784 F. Supp. 759, 764 (N.D. Cal. 1992) (finding that "the mere fact

that the INS promulgates a regulation establishing a time period in which

applications must be adjudicated does not, in and of itself, mean that an adjudication

within the time period cannot constitute unreasonable delay"). Just because a delay

is "not unusual" it does not make it reasonable. See *Jefrey v. INS*, 710 F. Supp. 486,

488 (S.D.N.Y. 1989)

b.  **Third and Fifth TRAC Factors**

The third and fifth *TRAC* factors weigh heavily in Plaintiff's favor because

they focus on whether the delay implicates human health or welfare, and on the

nature and extent of the interests prejudiced by the delay. These factors are

particularly salient in the immigration context, where legal limbo can profoundly

impact a petitioner's psychological well-being, family life, economic security, and

physical safety. The Ninth Circuit has consistently recognized that immigration delays, especially in humanitarian cases, have direct and serious consequences on human welfare. See *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 511 (9th Cir. 1997) (noting that courts must consider the practical impact of delay on the lives of individuals when assessing its reasonableness under the APA); see also *Brower v. Evans*, 257 F.3d 1058, 1070 (9th Cir. 2001) (citing *TRAC* and holding that judicial review is proper where agency inaction causes significant harm to affected individuals).

In *Yakhontova v. Barr*, 2020 WL 4355299, at *4 (C.D. Cal. Apr. 14, 2020), the court recognized that delays in immigration proceedings could significantly threaten a petitioner's ability to work, travel, maintain lawful status, or even remain in the United States. This recognition is crucial in understanding the profound impact that prolonged adjudication periods can have on individuals who are already in precarious situations.

Plaintiff is not pursuing an ordinary immigration benefit, but one created for survivors of domestic violence—a population that Congress explicitly sought to protect when it enacted the VAWA provisions of the Immigration and Nationality Act. Through her I-360 self-petition, Plaintiff seeks lawful status not for economic gain or convenience, but as a means of escaping past abuse, rebuilding her life, and securing long-term protection. This humanitarian purpose heightens the urgency

and legal expectation of timely adjudication. Courts have repeatedly recognized that delays in such contexts are not mere bureaucratic setbacks—they have deep and lasting impacts on individuals' lives.

Due to VAWA-specific statutory provisions, Plaintiff cannot remarry while her I-360 remains pending, or else she risks denial of her petition. This forces her to indefinitely postpone a central life decision, marriage, despite being engaged to a fiancée who not only provides her with emotional support, but who is also her financial provider. The delay thus places her in a state of enforced dependence, legal uncertainty, and emotional instability, all of which are compounded by her vulnerability as a domestic violence survivor. Moreover, the couple's religious beliefs hold marriage as a sacred obligation, and being forced to delay it due to government inaction creates spiritual and moral distress, adding yet another dimension of prejudice to Plaintiff's circumstances.

These are precisely the types of harm the third and fifth TRAC factors are designed to account for. Plaintiff cannot exercise autonomy over her most fundamental life choices. She remains trapped in legal limbo, subject to anxiety, instability, and emotional strain, all while the agency offers no justification for its silence, despite having issued a prima facie determination over a year ago acknowledging that Plaintiff is likely eligible for relief. In *Asmai v. Johnson*, the court recognized that delays in immigration processing can significantly prejudice

noncitizens and affect human welfare. Moreover, In *Bennett v. Spear*, 520 U.S. 154, 168-69 (1997), the court noted that the APA's judicial review provisions are intended to protect the interests of those affected by agency action.

### c. **Fourth TRAC Factor**

The fourth *TRAC* factor asks courts to weigh the impact that granting relief would have on agency activities of a higher or competing priority. Defendants often invoke this factor by arguing that adjudicatory delays are a natural consequence of high petition volumes, limited staff, or a need to process cases in accordance with internal priorities. While resource limitations and backlogs are real challenges for USCIS, they are not absolute shields against judicial oversight, especially where the agency fails to demonstrate that its delay stems from a structured and equitable case management system. In this case, Defendants suggest that Plaintiff's I-360 petition has simply not yet reached the front of the line, and that expediting her case would unfairly allow her to "skip the queue." But this argument fails under judicial precedent, particularly in humanitarian contexts where harm from delay is substantial and no transparent "rule of reason" governs the backlog. n *Razaq v. Poulos*, the court found that USCIS's claim that it was processing a backlog of similar applications did not excuse its failure to explain why the plaintiff's case had not progressed in over three years. Crucially, the court emphasized that the

government had not shown it was operating under a fair, orderly, or transparent system that would ensure timely processing for all.

Courts have also found that there is insufficient evidence in the record as to the existence of a queue, or an agency's procedures for determining order of adjudications. *See, e.g. Doe v. Risch*, 398 F. Supp. 3d 467, 658 (N.D. Cal 2019) (noting that defendants did not establish the number of pending derivative asylum applications or the existence of a queue); *Solis v. Cissna*, Nº: 9:18-00083-MBS, 2019 U.S. Dist. LEXIS 229051, at *51-52 (D.S.C. July 11, 2019)(rejecting USCIS' argument that plaintiff's I-824 petition should not be prioritized where there was no evidence that the agency adjudicated petitions "in the order in which they are received."). In other words, the agency may not rely on the idea of a queue unless it can demonstrate that a queue actually exists and that it is being managed according to consistent principles. Absent such proof, delay becomes arbitrary and unjustified. The burden is on the government to demonstrate that agency priorities warrant deprioritizing Plaintiff's case, and that burden has not been met here.

Furthermore, while the agency may cite finite resources as a practical constraint, courts have held that this is not a defense of what is otherwise an unreasonable delay. In *Mashpee Wampanoag Tribal Council v. Norton*, the D.C. Circuit made clear that "an agency's budget limitations do not excuse unreasonable delay," and that institutional limitations do not displace statutory or regulatory

duties to act. Courts within the Ninth Circuit have echoed this reasoning. In *Zhou v. FBI*, cited in several district court decisions in California, the court explained that "[i]t is not the aggrieved applicants who have created the lack of resource problem, and it would not be appropriate for the courts to shift the burdens of this failure onto the shoulders of individual immigrants."

Plaintiff is not asking for her case to be placed ahead of others arbitrarily. Rather, she seeks a remedy for an open-ended and unexplained delay that has persisted long past agency benchmarks, despite USCIS having already issued a prima facie determination in her favor. There is no evidence in the record that USCIS is following a predictable, equitable, or public-facing process for adjudicating I-360 petitions. On the contrary, USCIS publishes only broad processing ranges—currently estimating 41 months or more for some VAWA petitions—but provides no mechanism for individuals like Plaintiff to check the real status of their case, nor any opportunity for update or escalation until their case is "outside normal processing times"—a threshold that is itself opaque and variable.

Because USCIS has failed to show that its delay in adjudicating Plaintiff's petition is part of a coherent, fair, and consistently applied system, and because Plaintiff faces significant hardship resulting from this delay, the fourth *TRAC* factor either weighs in her favor or is neutral. Courts have made clear that equitable relief is warranted when the harm to the petitioner is individualized and serious, and when

the agency's delay lacks a demonstrable structure or policy foundation. Accordingly, Defendants' reliance on resource constraints and generalized queuing arguments is not sufficient to defeat Plaintiff's well-pled APA claim.

### d. Sixth TRAC Factor

While the Plaintiffs do not allege bad faith on the part of the Defendants, the failure to meet aspirational processing times and improve overall wait times suggests a lack of diligence and efficiency. The absence of bad faith does not excuse unreasonable delay, as established in *In re A Cmty. Voice*, 878 F.3d 779 (9th Cir. 2017). The Defendants' inaction and inability to address the backlog effectively contribute to the unreasonable delay, warranting judicial intervention to compel timely processing of the applications.

Thus, the application of the *TRAC* factors clearly supports Plaintiff's claim of unreasonable delay. Defendants' failure to adjudicate Plaintiff's VAWA-based I-360 petition within a reasonable timeframe, despite issuing a prima facie determination more than a year ago, has caused severe and ongoing harm to Plaintiff's emotional well-being, legal status, religious commitments, and personal safety. This is not a case about administrative inconvenience; it is a case about a survivor of domestic violence who remains trapped in legal limbo, unable to remarry or move forward with her life. The cumulative weight of the delay, the absence of a meaningful justification, and the significant humanitarian impact on

Plaintiff necessitate judicial intervention to ensure the agency fulfills its statutory duty to act within a reasonable time under the APA.

## **CONCLUSION**

For all these reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss. The Plaintiffs have demonstrated both standing and a valid claim of unreasonable delay under the APA and the Mandamus Act.

July 1, 2025

Respectfully submitted,

/s/ Marcelo Gondim

_____

Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Date: July 1, 2025

/s/ Marcelo Gondim

_____

Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

**ANA LAURA CHAVES DE FARIA MOREIRA**

        *Plaintiffs*,

vs.

**KRISTI NOEM, ET AL.**

        *Defendants.*

**CASE NO. :25-CV-3071-JFW-PD**

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

**[PROPOSED] ORDER**

UPON CONSIDERATION Defendant's Motion to Dismiss and the Plaintiff's Opposition thereto, the Court finds that the Defendant's Motion to Dismiss should be denied. The Court has reviewed the arguments and evidence presented by both parties and finds as follows:

1. ORDERED that Defendants' Motion to Dismiss is DENIED; and it is further

2. ORDERED that Defendants shall proceed with the adjudication of Plaintiffs' pending I-360 VAWA petition without further delay, in accordance with the timelines and procedures established by applicable law; and it is further

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT - 27

3.  ORDERED that the Court retains jurisdiction to enforce the terms of this

Order and to consider any further relief that may be necessary to ensure

compliance with this Order.


IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss is

DENIED.

SO ORDERED:


_____          _____
Date                       JOHN F. WALTER
                           United States District Judge