Marcelo Gondim, SBN 271302
Gondim Law Corp.
1880 Century Park East Suite 400
Los Angeles, CA 90067
Phone: 323-282-7770
Email: court@gondim-law.com

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANA LAURA CHAVES DE FARIA MOREIRA,**<br><br>*Plaintiff.*<br><br>vs.<br><br>**ALEJANDRO MAYORKAS, ET AL.**<br>*Defendants.* | Case No. 2:25-cv-03071-JFW-KES<br><br>**PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE – RE: SANCTIONS** |

    Plaintiff's counsel respectfully submits this Response to the Court's July 22, 2025, Order to Show Cause as to why sanctions in the amount of $1,500 should not be imposed

1

for failing to lodge a Proposed Statement of Decision by July 9, 2025, as required under Section 5(f) of the Court's Standing Order.

Plaintiff's counsel acknowledges the procedural lapse but emphasizes that the omission was the result of a good-faith calendaring error during a time of heavy workload and was not in any way intended to delay the proceedings, disregard the Court's order, or gain tactical advantage. The failure to lodge the Proposed Statement of Decision was not due to willful disobedience or bad faith.

The Ninth Circuit has repeatedly held that sanctions are inappropriate where there is no showing of bad faith, willfulness, or fault. See *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) ("Absent some indication of willfulness or improper purpose, courts should be reluctant to impose sanctions."); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding excusable neglect where counsel's failure to meet a deadline was due to calendaring error).

Because the Court has already ruled on the Motion to Dismiss, Plaintiff's counsel cannot now correct the oversight by lodging a document the Court has deemed unnecessary. The deadline has passed, the motion is resolved, and no further action on this point remains available or appropriate.

Counsel has not previously violated any of the Court's orders and has implemented updated internal procedures to ensure full compliance moving forward. Sanctions are a

serious remedy that should be reserved for repeated or egregious misconduct, not an isolated, non-prejudicial oversight. See *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009) (holding sanctions require "clear and convincing evidence of bad faith or conduct tantamount to bad faith"). There was no intent to violate the Court's order or disregard its procedures. Courts have consistently found that sanctions are not appropriate where noncompliance is attributable to mistake or excusable neglect rather than bad faith. See *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (missing a deadline due to a calendaring mistake constituted excusable neglect). The issue at hand is an isolated procedural lapse that had no impact on the outcome or integrity of the Court's proceedings.

    Given that there is nothing left to correct, no harm was caused, and no benefit could be gained from retroactive compliance, Plaintiff respectfully submits that sanctions are not warranted. Counsel respectfully requests that the Court take into consideration the lack of prejudice to Defendants, the absence of prior noncompliance, the good faith of counsel, and the prompt filing of this response, and decline to impose monetary sanctions under these circumstances.

    Thus, Plaintiff respectfully requests that the Court exercise its discretion to discharge the Order to Show Cause without the imposition of sanctions. Plaintiff's

3

counsel remains committed to upholding the highest standards of practice before this Court.

Respectfully submitted,  /s / Marcelo Gondim

July 24, 2025

MARCELO GONDIM
[Bar No. 271302]
Gondim Law Corp.
1880 Century Park East Suite 400
Los Angeles, CA 90067
Phone: 323-282-7770
Email: court@gondim-law.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2025, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email address:

Karla.Andrade@usdoj.gov

Date: July 24, 2025                             /s / Marcelo Gondim

MARCELO GONDIM
[Bar No. 271302]
Gondim Law Corp.
1880 Century Park East Suite 400
Los Angeles, CA 90067
Phone: 323-282-7770
Email: court@gondim-law.com

Attorney for Plaintiff